Fill in this information to identify your case:

Debtor 1: Charmayne (First Name) A. (Middle Name) Hutchins (Last Name)

Debtor 2 (Spouse, if filing): First Name / Middle Name / Last Name

United States Bankruptcy Court for the Northern District of Georgia

Case number (if known): 26-61514-PMB

■ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

§§ 1.3; 3.2; 4.3; and 8.1

# Chapter 13 Plan

**NOTE:** **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.**

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.***

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ■ Included | ☐ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ■ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8** | ■ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ■ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1 Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:* ■ 36 months ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $700.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

**§ 2.2 Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): ______

**§ 2.3 Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.
■ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years 2026, 2027 and 2028, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.
☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: ______

**§ 2.4 Additional Payments.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5 [Intentionally omitted.]**

**§ 2.6 Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**.

## Part 3: Treatment of Secured Claims

**§ 3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2 Request for valuation of security and modification of certain undersecured claims.**

☐ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

■ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | Carmax Auto Finance | $23,631.00 | 2018 Jeep Compass (10/28/2023) | $12,075.00 | $0.00 | $12,075.00 | 18.2% | $525.00 | $525.00 step to $599.00 in August, 2027 |

**§ 3.3 Secured claims to be paid in full.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

■ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; or

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Farmers Home Furniture | dinette set | 9/28/2025 | $655.00 | 4% | $20.00 | $20.00 step to $44.00 in August, 2027 |

**§ 3.4 Lien avoidance.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5 Surrender of collateral.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6 Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of 6.75 %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4: Treatment of Fees and Priority Claims

**§ 4.1 General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2 Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3 Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ 5,813.00 . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended..

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ 99.00 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fee Order, until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ 2,813.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 2,813.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the

maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4 Priority claims other than attorney's fees.**

■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

■ A pro rata portion of the larger of (1) the sum of $ 0.00 and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) ___% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**§ 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

■ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| Rent A Center | bedroom furniture | $0.00 | $0.00 |

## Part 7: Vesting of Property of the Estate

**§ 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

## Part 8: Nonstandard Plan Provisions

**§ 8.1 Check "None" or list Nonstandard Plan Provisions.**

☐ **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*
***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

Any proceeds realized from the Debtor's pending/anticipated lawsuit shall be paid to the Chapter 13 Trustee for distribution per the plan for the benefit of unsecured creditors, unless by further order of this court.

AP amount of $525.00 monthly to Carmax Auto Finance is retroactive to filing of case.

## Part 9: Signatures

**§ 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

✘ ______________________________
Signature of debtor 1 executed on ____________
MM / DD / YYYY

✘ ______________________________
Signature of debtor 2 executed on ____________
MM / DD / YYYY

______________________________
Address City, State, ZIP code

______________________________
Address City, State, ZIP code

✘ /s/ Carrie Oxendine
Signature of attorney for debtor(s)

Date: 10/26/2026
MM / DD / YYYY

Berry & Associates
Firm

2751 Buford Hwy NE, Ste 600, Atlanta, GA 30324
Address City, State, Zip code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

**CERTIFICATE OF SERVICE**

This is to certify under penalty of perjury that I am over the age of 18 and that on this day I served the parties listed below and those on the attached mailing matrix with a copy of the attached pleadings by placing true copies of same in the United States Mail with adequate postage affixed to ensure delivery.

Charmayne Alberta Denise Hutchins
2090 Hydrangea Lane
Austell, GA 30106

Melissa J. Davey
233 Peachtree Street, Suite 2250
Atlanta, GA 30303

This the 26th day of October, 2026.

/s/

Carrie Oxendine
GA Bar No. 141478
Attorney for the Debtor
Berry & Associates
2751 Buford Hwy NE, Ste. 600
Atlanta, GA 30324
(404) 235-3300
carrie@mattberry.com

Charmayne Alberta Denise Hutchins
2090 Hydrangea Lane
Austell, GA 30106

Atlas Acquisitions LLC
Attn: Avi Schild
492C Cedar Lane, Ste 442
Teaneck, NJ 07666

Andrew D. Gleason
Lefkoff Rubin Gleason Russo Williams PC
Suite 900
5555 Glenridge Connector
Atlanta, GA 30342

Progress Residential Borrower 8, LLC
The Totten Firm
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338

Matthew Franklin Totten
The Totten Firm, LLC
5579 Chamblee Dunwoody Rd
Ste B-136
Atlanta, GA 30338

1st Access/Tbom/Vt
PO Box 89028
Sioux Falls, SD 57109-9028

Aaron's Sales & Lease
Attn: Legal Dept
400 Galleria Pkwy SE Ste 300
Atlanta, GA 30339-3182

Affirm
650 California St Fl 12
San Francisco, CA 94108

American Education Services
AES Credit, Attn: Bankruptcy
PO Box 61047
Harrisburg, PA 17106-1047

Applied Bnk
Attn: Bankruptcy
2200 Concord Pike Ste 102
Wilmington, DE 19803-2909

Aspire Credit Card
Attn: Bankruptcy
PO Box 105555
Atlanta, GA 30348-5555

Atlas Acquisitions
on behalf of Independence Capital
492C Cedar Lane, Ste 442
Teaneck, NJ 07666

Atlas Acquisitions LLC
492C Cedar Lane, Ste 442
Teaneck NJ 07666

Bmg Money
Attn: Bankruptcy
444 Brickell Ave Ste 250
Miami, FL 33131-2404

Brightway/onemain
PO Box 981037
Boston, MA 02298

Capital Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Capital One
AttN: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One
PO Box 31293
Salt Lake City, UT 84131

Carmax Auto Finance
PO Box 6045
Carol Stream, IL 60197

Carmax Auto Finance
Attn: Bankruptcy
12800 Tuckahoe Creek Pkwy
Henrico, VA 23238

Carmax Auto Finance
dba Carmax Business Svcs LLC
225 Chastain Meadows Ct #210
Kennesaw, GA 30144

CarMax Business Services, LLC
CarMax Auto Finance
Attn: Bankruptcy Department
225 Chastain Meadows Court, Ste 210
Kennesaw, GA 30144

Chime
Attn: Bankruptcy
101 California St Ste 500
San Francisco, CA 94111-5802

Chimefinal
Attn: Bankruptcy
PO Box 417
San Francisco, CA 94104-0417

Comenity Bank/Avenue
Attn: Bankruptcy
PO Box 182273
Columbus, OH 43218-2273

Comenity Bank/Jessica London
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218-2125

Comenity Bank/Kingsize
Attn: Bankruptcy
PO Box 182273
Columbus, OH 43218-2273

Comenity Bank/Kingsize
Attn: Bamkruptcy
PO Box 182125
Columbus, OH 43218-2125

Comenity/onestop
Attn: Bankruptcy
PO Box 182273
Columbus, OH 43218-2273

Comenityl/Prcpgd
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218-2125

Concora Credit
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076-4401

Continental Finance Co
Attn: Bankruptcy
PO Box 3220
Buffalo, NY 14240-3220

Continental Finance Company
Attn: Bankruptcy
4550 New Linden Hill Rd
Wilmington, DE 19808

Credit One
PO Box 98875
Las Vegas, NV 89193

Current
Attn: Bankruptcy
217 Centre St # 180
New York, NY 10013-3624

Defoors Ridge Apts Habersham Pro
2011 Defoor Ave NW
Atlanta, GA 30318

Farmers Home Furniture
Attn: Corporate Credit Department
P.O. Box 1140
Dublin, GA 31040

Farmers Home Furniture
Attn: Bankruptcy
PO Box 1140
Dublin, GA 31040-1140

Fst Premier
Attn: Bankruptcy
601 S Minnesota Ave
Sioux Falls, SD 57104-4824

Genesis Fs Card Services
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076-4401

Georgia Department of Revenue
Attn: Bankruptcy
2595 Century Parkway NE Suite 339
Atlanta, GA 30345

Habersham Properties Inc
450 East Paces Ferry Rd
Atlanta, GA 30305

Indigo
PO Box 4499
Beaverton, OR 97076

Internal Revenue Service
401 West Peachtree Street, NW
Mail Stop 334-D
Atlanta, GA 30308

Jefferson Capital
16 McLeland Rd
Saint Cloud, MN 56303

Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud, MN 56302

Kikoff
Attn: Bankruptcy
75 Broadway Ste 226
San Francisco, CA 94111-1458

Kikoff
633 Folsom St #300
San Francisco, CA 94107

LVNV Funding LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603

Milestone
4550 New Linden Hill Rd #400
Wilmington, DE 19808

Nissan
PO Box 660366
Dallas, TX 75266-0366

Nissan Motor Acceptance Corpor
c/o NCB Management Services
1 Allied Dr
Trevose, PA 19053-6945

One Blinc Loans
Attn: Bankruptcy
225 E Dania Beach Blvd Ste 202
Dania Beach, FL 33004-3048

PHEAA
PO Box 8147
Harrisburg, PA 17105

Premier
PO Box 1348
Sioux Falls, SD 57101

Premier Bankcard LLC
Jefferson Capital Systems LLC Assignee
PO Box 7999
Saint Cloud, MN 56302

Progress Residential
7500 N. Dobson Road
Suite 300
Scottsdale, AZ 85256

Progress Residential
7500 N Dobson Rd Ste 300
Scottsdale, AZ 85256

Progress Residential
2658 Holcomb Bridge Road
Alpharetta, GA 30022

Quantum3 Group LLC as agent for
Concora Credit Inc.
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Concora Credit Inc
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Credit Corp Solutions Inc
PO Box 788
Kirkland, WA 98083-0788

Rent A Center
5501 Headquarters Drive
Plano, TX 75024

Revel
PO Box 3200
Buffalo, NY 14240

REVVI
Attn: Bankruptcy
PO Box 85800
Sioux Falls, SD 57118-5800

Scratch Services, LLC
Attn: Bankruptcy
PO Box 411285
San Francisco, CA 94141-1285

Spring Oaks
1400 Crossways Blvd
Chesapeake, VA 23320

Spring Oaks Capital SPV LLC
PO Box 1216
Chesapeake, VA 23327

Synchrony Bank/Care Credit
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896-5060

Tbom/cci Mc
The Bank of Missouri, Attn: Bankruptcy
906 N Kingshighway St
Perryville, MO 63775-1204

The Bortolazzo Group LLC
PO Box 1123
Minneapolis, MN 55440

Transform Credit Inc
Attn: Bankruptcy
1440 W Taylor St # 431
Chicago, IL 60607-4623

Truist Bank
PO Box 1847/100-50-01-51
Wilson, NC 27894

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

US Auto Sales Inc
c/o Westlake Portfolio Management
4751 Wilshire Blvd Ste 100
Los Angeles, CA 90010

US AUTO SALES INC, C/O WESTLAKE
PORTFOLIO MANAGEME
4751 WILSHIRE BLVD SUITE 100
LOS ANGELES, CA 90010

Viva Finance
Attn: Bankruptcy
1447 Peachtree St NE Ste 700
Atlanta, GA 30309-3030

Viva Finance
PO Box 4499
Beaverton, OR 97076

Webbank/onemain/fis
PO Box 3316
Evansville, IN 47732-3316

Westlake Portfolio Management, LLC
Attn: Bankruptcy
PO Box 76809
Los Angeles, CA 90076-0809

World Finance Corp
104 S Main St
Greenville, SC 29601

World Finance Corp
Attn: Bankruptcy Department
PO Box 6429
Greenville, SC 29606-6429